# Staunton

## LUCK CONSTRUCTION COMPANY V. COUNTY OF RUSSELL.

September 11, 1913.

Absent, Keith, P., and Whittle, J.

1. BOARDS OF SUPERVISORS—*Disallowance of Claim—Appeal—Pleadings in Court.*—Sections 838, 843 and 844 of the Code prescribe the manner by which claims against the county may be collected, and the county cannot be sued in any other manner; and while the method prescribed for litigating the rights of the parties as to claims disallowed by the board of supervisors is called an appeal, the action of the board is in no proper sense of the term an adjudication of the claim on its merits, and upon an appeal to the circuit court from their action disallowing a claim the county may make the defense of set-off under section 3299 of the Code, or any other defense justified by the facts.

2. PLEADING—*Special Plea of Recoupment—General Issue.*—A plea which alleges that the plaintiff not orly failed to keep and perform his agreement in various particulars, but that by reason of such failure the defendant was injured and damaged in excess of the amount claimed and sued for by the plaintiff sets up a good defense, and does not amount simply to the general issue.

3. CONTRACTS—*Engineers' Estimates—Finality—Case at Bar.*—When all of the provisions of the construction agreement in the declaration mentioned are read and considered together, it seems clear that it was not intended that the monthly estimates of the engineer should be final and conclusive of the facts recited in them, or regarded as a final acceptance of the work mentioned in them.

4. ESTOPPEL—*Conduct of Other Party—Ignorance of Facts—Fraud.*— The doctrine of estoppel *in pais* is a purely equitable one, and it is essential to its application, where a party claims to have been influenced to his prejudice by the conduct of another, that he should have been ignorant of the state of facts relied on to constitute such estoppel. Nor can one base a claim for an estoppel upon acts or conduct induced by his own fraud or false representations.

5. CONTRACTS—*Engineers' Estimates—Finality—Directions of Engineer—Case at Bar—Instructions.*—In an action on a contract which provided that the work was to be done in accordance with the specifications and conditions of the agreement between the parties and to the satisfaction of the county of Russell and the engineer, the plaintiff asked the court to instruct the jury "that if you believe from the evidence that the plaintiff performed the work mentioned in the contract and specifications in evidence before you, according to the contract and specifications, *as directed by the engineer,* and offered the same to the defendant, through its agents and engineers, for acceptance, then you should find for the plaintiff, notwithstanding the contract provides that 'no work shall be regarded as accepted until the final acceptance of the whole work herein contracted for.'" The court modified this instruction by striking out the words italicised.

*Held:* The modification was clearly proper, and the instruction as given was as favorable to the plaintiff as it was entitled to have it.

6. CONTRACTS—*Engineers' Estimates—Fraud—Mistake.*—The acts of engineers in supervising the performance of work under construction contracts are not binding upon either party when such acts have been induced by the fraud of the other party, or are the result of fraud or mistake on the part of the engineers so gross as to amount to fraud on the rights of the other party.

7. INSTRUCTIONS—*Jury Sufficiently Instructed.*—When the jury have already been fully and sufficiently instructed on a given point in a case, it is not error to refuse other instruction, though correct, *on the same point.*

8. VERDICTS—*Evidence to Support.*—Where the evidence in a cause is conflicting, but there is ample evidence to sustain the finding of the jury, their verdict will not be set aside.

Error to a judgment of the Circuit Court of Tazewell county on appeal from an order of the board of supervisors of Russell county. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Hart & Hart, J. H. Chapman* and *Finney & Wilson,* for the plaintiff in error.

*H. A. Routh, Henson & Bowen* and *A. S. Higginbotham,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error, who was the plaintiff in the trial court, entered into a written agreement with the county of Russell for the construction of some six miles of macadam road. When the plaintiff had performed its undertaking, as it claimed, it presented to the board of supervisors of that county for allowance and payment a claim for $9,914.38, the balance due under the contract as it claimed. The board of supervisors refused to allow the claim, and from its action the plaintiff appealed to the circuit court of Russell county. It being agreed that there was good cause for removing the cause to another circuit, it was removed to the circuit court of Tazewell county. There was a verdict and judgment in that court for the defendant, and a recovery in its favor for the sum of $1,060.68. To that judgment this writ of error was awarded.

The first error assigned is to the action of the court permitting the defendant to file a special plea of set-off under section 3299 of the Code.

The first ground of objection is that no such plea could be filed in an appellate court.

By section 844 of the Code it is provided that "no action shall be maintained by any person against a county, upon any claim or demand, until such person shall have first presented his claim to the board of supervisors of such county." By section 838 it is provided that when any such claim is presented to and disallowed by the board of supervisors, the claimant may appeal within a named time; and by section 843 it is declared that such determination by the board of supervisors shall be final and conclusive and a perpetual bar to any action in any court, unless an appeal be taken from such action, or unless the board shall

consent and agree to the institution of an action by such claimant. This is the manner prescribed by law by which claims against the county may be collected, and the county cannot be sued in any other mode than that prescribed by law. *Botetourt* v. *Burger,* 86 Va. 530, 533, 10 S. E. 264.

While the method prescribed by the statute for litigating the rights of the parties as to the claim so disallowed is called an appeal, the action of the board of supervisors is in no proper sense of the term an adjudication of the claim on its merits, and even where the claim has been allowed by the board such action will not estop the county from setting up a defense to the claim when subsequently sued upon it. *Board of Supervisors* v. *Catlett's Ex'ors.* 86 Va. 152, 162-3, 9 S. E. 999, and authorities cited.

In that case it was held that the powers and duties of the board of supervisors are executive and not judicial, and that its allowance of a claim is not an adjudication and does not bar its contesting the claim's validity and pleading the statute of limitations when a mandamus is applied for to compel payment. And *a fortiori* this would be true where the claim has been disallowed.

The county had the same right to file a plea of set-off under section 3299 of the Code as it had to make any other defense which the facts justified it in making.

A further objection to the action of the court in permitting the special plea of set-off to be filed is that it does not aver fraud or any other matter which would entitle the defendant to recover over against the plaintiff, and amounts to no more than the general issue. This latter objection does not seem to be much relied on, and if it were is plainly without merit. The allegations of the plea, if true, show that the plaintiff not only failed to keep and perform its agreement in various particulars, but that by reason of such failure the defendant was injured and damaged in excess of the amount claimed and sued for by the plaintiff.

Errors are assigned to the action of the court in giving and refusing instructions, in admitting evidence, and afterwards in refusing to exclude the same and in overruling the motion of the plaintiff to set aside the verdict of the jury because contrary to the law and the evidence. The propriety of the action of the court in respect to all these assignments of error depends for the most part upon what is the true meaning of the contract sued on.

The contention of the plaintiff is, and its assignments of error are based chiefly upon the view, that the monthly estimates of the engineer in charge of the work were conclusive upon the parties. On the other hand the county claims that these monthly estimates are not conclusive of the statements contained in them.

By the terms of the agreement between the parties and the specifications which are expressly made a part of it, it is provided, among other things, that "payments shall be made monthly upon approximate estimates of the engineer, reserving ten *per cent.* (10 *per cent.*) of amounts due until a final settlement . . . . In case any of the said work done or materials provided by the party of the first part shall be unsatisfactory to the said engineer, then the party of the first part shall, on being notified thereof by the engineer, immediately remove such unsatisfactory work or materials and replace the same with good work or materials satisfactory to said engineer," and in the event the plaintiff did not do so the engineer was given the right to remove such rejected work or materials at the expense of the plaintiff. It was then provided in the same clause, that "no work shall be regarded as accepted until the final acceptance of the whole work herein contracted for." It was further provided, that "to prevent all disputes and litigation it is further agreed by the parties hereto that the said engineer shall decide all questions, difficulties and disputes of whatever nature which may

arise relative to the construction, prosecution and fulfillment of this contract, and as to the character, quality, amount and value of any work done, material furnished under or by reason of this contract, and his estimates and decisions upon all claims, questions and disputes shall be final and conclusive upon the parties thereto."

It further provides that the plaintiff should not be "entitled to demand or receive payment for any portion of the work to be done under or by reason of the contract until all disputes, disagreements and questions between the parties hereto affecting the right to any portion of the amount claimed shall have been settled as above provided for."

There are other provisions of the contract which throw some light upon its meaning as to the question under consideration, but the provisions quoted are those chiefly relied on by the parties to sustain their respective contentions.

The agreement does not, as do many in most contracts for the construction of railways, macadam roads and the like, expressly provide that when the work is completed there shall be a final estimate, or declare in express terms what shall be the effect of the monthly estimates of the engineer; but when all the provisions of the agreement are read and considered together it seems to us clear that it was not intended that the monthly estimates should be final and conclusive of the facts recited in them, or regarded as a final acceptance of the work mentioned in them. To so hold would be to give no effect to that provision of the contract which expressly declares that "no work shall be regarded as accepted until the final acceptance of the whole work herein contracted for." What would have been the meaning and effect of the contract if that provision had not been inserted, it is unnecessary to consider. It is in the contract. Its meaning is plain and unambiguous. It shows that the parties did not intend that

the making of monthly estimates during the progress of the work and payments thereon should be regarded as a full and final acceptance of the work embraced in such monthly estimates, but that the work was to be accepted as a whole when completed. This being so, the court did not err in giving instructions numbered 1 and 5, offered by the defendant, which told the jury that such monthly estimates were not conclusive of the statements made therein, and did not constitute final acceptance of the work covered by such monthly estimates. Neither did the court err in refusing to give instructions numbered 3, 5 and 7, offered by the plaintiff, by which the court was asked to tell the jury, in effect, that such monthly estimates and payments thereon as provided by the contract without objection were conclusive upon the parties and could not be controverted.

It will be convenient here to consider the assignment of error as to the action of the court in the admission of evidence.

The object of the evidence admitted over the plaintiff's objections, and which the court refused to exclude, was to show that part of the work embraced in the monthly estimates was not done according to the provisions of the contract. Under the construction placed upon the contract as to the effect of the monthly estimates, such evidence was clearly admissible.

By instruction No. 10 offered by the plaintiff, the court was asked to tell the jury that if they believed the facts hypothetically stated therein, the defendant was estopped from denying that such portions of the work done as were embraced in the monthly estimates had not been properly constructed. Several objections are made to this instruction.

The instruction fails to take into consideration the fact that there was evidence tending to show not only that

the plaintiff knew that the work embraced in the said monthly estimates was not done in accordance with the provisions of the contract, but that the plaintiff had by fraudulent practices deceived the engineer who made some of the monthly statements in the belief that such work had been properly done.

The doctrine of *estoppel in pais* is purely an equitable one, and it is essential to the application of that principle that a party claiming to have been influenced by the conduct of another to his injury was ignorant of the state of facts relied on to constitute such estoppel. *C. & O. Ry. Co.* v. *Walker,* 100 Va. 69-70, 92-93, 40 S. E. 633, 914, and authorities cited. And still less can he base a claim for an estoppel upon the acts or conduct which were induced by his own acts, and *a fortiori* on those induced by his own fraud or false representations. See *Jones* v. *Bond,* 86 Va. 81, 9 S. E. 503. Note to *Williamson* v. *Jones,* 4 Am. & Eng. Dec. in Eq., pp. 265-6, and cases cited; 16 Cyc. 747 and cases cited.

It is unnecessary to consider the other objections urged to instruction No. 10 since the objection already considered shows that the court did not err in refusing to give it.

Instruction No. 6, offered by the plaintiff, was as follows: "The court instructs the jury that if you believe from the evidence that the plaintiff performed the work mentioned in the contract and specifications in evidence before you, according to the said contract and specifications *as directed by the engineer,* and offered same to the defendant, through its agents and engineers, for acceptance, then you should find for the plaintiff, notwithstanding that the contract provides that 'no work shall be regarded as accepted until the final acceptance of the whole work herein contracted for.' "

The court modified this instruction by striking out the words italicised. The provision in the contract was that

the work was to be done in accordance with the specifications and conditions of the agreement between the parties and to the satisfaction of the county of Russell and the engineer. The modification was clearly proper, and the instruction as given was as favorable to the plaintiff as it was entitled to have it.

The refusal of the court to give the plaintiff's instructions numbered 1, 2 and 4 is assigned as error.

The object of these instructions, as stated by the plaintiff in his petition for a writ of error, was to tell the jury "who was 'the engineer provided for in the contract between the parties.'" The instructions were as follows:

1. "The court instructs the jury that it was the duty of the defendant under the contract to appoint an engineer to set the stakes, establish the grades and do and perform the other duties designated by the contract to be done and performed by the engineer, and if you believe from the evidence that in the course of the construction the said defendant did appoint Messers. Dorden, Mullen, Cocke and Lancaster for the performance of these duties, then said Dorden, Mullen, Cocke and Lancaster became and were the agents and officers of the defendant in the construction of said work, and all their acts as such engineers under the contract are valid and binding upon the defendant.

2. "The court instructs the jury that the engineer named and provided for in the contract in evidence in this case is and was the person who performed and discharged the duties and did the things mentioned in said contract to be done and performed by the engineer, and that regardless of what he may have termed himself or may have been termed by others, and also regardless of his competency or incompetency in the science of engineering.

4. "The court instructs the jury that it was the duty of the engineer mentioned in the contract to establish lines

and grades, to superintend and direct the work, and to make and furnish to the board of supervisors of Russell county estimates of the work done, and the party who performed and upon whom devolved these duties is the engineer under the terms of this contract, regardless of what name he may be called by."

The court modified instruction No. 1 by adding to it, "except in case of fraud on the part of the plaintiff or gross mistake made by the said engineers," and gave it as instruction "A."

The effect of instruction No. 1, as offered by the plaintiff, was to tell the jury that the persons named therein, by whatever name called, were "engineers" within the meaning of the contract, and that all their acts under the contract were valid and binding upon the defendant. The modification made in it by the court did not, in the slightest degree, change it as to the character of the persons named, nor the valid and binding effect of their acts under the contract "except in case of fraud on the part of the plaintiff or gross mistake made by the engineers." The modification or rather addendum made by the court was clearly proper, for the acts of engineers under such contracts are not binding upon either party when such acts have been induced by the fraud of the other party or are the result of fraud or mistake on the part of the engineers. so gross as to amount to fraud on the rights of the other party. *N. & W. Ry. Co.* v. *Mills*, 91 Va. 613, 22 S. E. 556.

By instructions 2 and 4 the court was asked to tell the jury that the persons who were required to do certain acts and perform certain duties under the contract were the engineers within its meaning. Having told the jury by instruction "A" that the persons named in that instruction (who the evidence showed did the work and performed the duties described in instructions 2 and 4) were to be considered the engineers within the meaning of the con-

tract, there was no necessity for giving the last named instructions, and the court did not err in rejecting them.

Without discussing further the assignments of error based upon the giving and refusing of instructions, it is sufficient to say that this court is of opinion that the instructions given fully submitted the questions involved in the case to the jury, and submitted them as favorably as the defendant was entitled to have them submitted.

The remaining assignment of error is to the refusal of the court to set aside the verdict because it was contrary to the law and the evidence.

There was no error, as we have seen, to the prejudice of the plaintiff in giving and refusing instructions, nor in the admission of evidence. The case having been properly submitted to the jury, the only remaining question is as to the sufficiency of the evidence to support the verdict of the jury. While the evidence is conflicting, there is ample evidence, to say the least, to justify the jury in believing that the road was not constructed in accordance with the contract, and that the damage resulting to the county from the plaintiff's failure to keep and perform its contract was as much as the sum found by the jury in its favor.

The judgment complained of must be affirmed.

*Affirmed.*