# Staunton.

## J. W. LAMBERT V. BOARD OF SUPERVISORS OF BUCHANAN COUNTY.

### September 18, 1924.

1. COUNTIES—*Appeal from Disallowance of Claim against County—Jury Trial.*—Where plaintiff appealed to the circuit court from the action of the board of supervisors of a county, disallowing his claim against the county of money as owing to him by the county for work done under contract between the plaintiff and the county, and the circuit court denied his request that a jury be empaneled to try the issue of fact joined upon such appeal, plaintiff was denied his statutory right to a trial by jury under section 6006 of the Code of 1919.

2. COUNTIES—*Appeal from Disallowance of Claim against County—Jury Trial.*—Plaintiff's right to a trial by jury of his appeal from the action of the board of supervisors of a county, disallowing his claim of money due him from the county, does not rest upon any constitutional right of trial by jury, because the proceeding is in effect an action against the county. But plaintiff's claim is of the same character as the claim of one individual against another in an action to recover a debt; and the statute law, by which the Commonwealth consents that its political subdivision, the county, may be sued, gives the same right of trial by jury as is given by other statutes referred to therein in certain other proceedings, and hence the granting of a jury trial is just as essential to the jurisdiction of the court as if the right were conferred by the Constitution.

3. MOTIONS—*Code of 1919, Section 6048—Jury Trial.*—Code of 1919, section 6048, provides that on a motion where an issue of fact is joined, and either party desire it, or when in the opinion of the court it is proper, a jury shall be empaneled. This provision is applicable to all trials in the courts of record, other than the Supreme Court of Appeals, had on motions, and is not confined to motions for the recovery of money in an action of debt.

4. COUNTIES—*Appeal from Disallowance of Claim against County—Jury Trial.*—Reading the present statute (section 2763 of the Code of 1919), providing for the method of trial of appeals from the action of the board of supervisors of a county on claims against the county, in the light of its origin, it is apparent that the statute gives the

right of trial by jury to either party to the litigation who may desire it and ask it, because it provides for the same method of trial as was provided by the former statute law on the subject of appeals from orders of the county courts, in which the parties had the right of trial by jury.

5. COUNTIES—*Appeal from Disallowance of Claim against County—Jury Trial—Section· 6048 of the Code of 1919—"On a Motion."*—Under section 2763 of the Code of 1919, providing for the method of trial of appeals from the action of the board of supervisors of a county on claims against the county, the appeals are informal in procedure, and come on to be tried and determined in the circuit court on the application, which is in substance "on a motion," of the appellant, that the circuit court reverse the decision of the board of supervisors appealed from.  Hence the trial in the circuit court is, in substance, if not in precise form, "on a motion", so that section 6048 of the Code of 1919 is applicable and gives the right of trial by jury.

6. MAXIMS—*Law Looks to the Substance and not the Form.*—It is the just boast of our law, both as enacted by the legislature and as interpreted by the courts, that it looks to the substance and not to the mere form.

7. COUNTIES—*Appeal from Disallowance of Claim against County—Jury Trial.*—Section 6006 of the Code of 1919, providing for jury trial in cases where a county is a party, evidences that the legislative construction of the statute law in regard to appeals from the decisions of the board of supervisors upon claims against the county, is that such appeals, if an issue of fact is joined, are to be tried by a jury. And it also appears that trial by jury of appeals in the circuit courts from disallowance of claims of whatsoever character by boards of supervisors has been a very general practice in this state for a long time.

Error to a judgment of the Circuit Court of Buchanan county, on appeal from the decision of the board of supervisors of the county denying plaintiff's claim against the county.    Judgment for the county.    Plaintiff assigns error.

*Reversed and new trial awarded.*

This is a proceeding involving a claim of the plaintiff in error, Lambert (hereinafter called plaintiff), of money as owing to him by the county of Buchanan (hereinafter referred to as the defendant county), for road work done for the latter by the former under contract

between them, which was disallowed by the board of supervisors of the defendant county. From that action of such board the plaintiff perfected his appeal to the court below in conformity with the statute (Code section 2761), and thereafter the case came on to be tried in such court under the provisions of the statute (Code section 2763).

An issue of fact being thus joined, the plaintiff desired and asked the court to empanel a jury to try such issue of fact. But the trial court denied this request, and tried the case upon the appeal, without a jury, and affirmed the decision of the board of supervisors, with the exception of a small allowance which was added by the court to the amount allowed by such board—being a very much smaller amount than the plaintiff claims should have been allowed to him. From that action of the trial court this appeal was taken by the plaintiff.

The said statute, Code section 2763, is as follows:

"*Section 2763. Duty of clerk of board in case of appeal; how appeal tried.*—The clerk of the board, upon any appeal being taken, shall immediately give notice thereof to the appellee, and make out a brief return of the proceedings in the case before the board, with their decision thereon, and file the same, together with the bond, and all the papers in the case in his possession, with the clerk of the court to which the appeal is taken; and *such appeal shall be* entered, *tried* and determined *as appeals of right* on said record with any other pleadings and evidence that the court in its discretion may permit. (*Code 1887, section 842.*)" (Italics supplied.)

Code 1887, section 842, provided as follows:

"*Section 842. Duty of clerk of board in case of appeal; how appeal tried.*—The clerk of the board, upon any appeal being taken, shall immediately give notice thereof to the appellee, and make out a brief return of the

proceedings in the case before the board, with their decision thereon, and file the same, together with the bond, and all the papers in the case in his possession, with the clerk of the court to which the appeal is taken; and *such appeal shall be* entered, *tried* and determined *as appeals of right from an order of a county court under chapter one hundred and seventy.*"    (Italics supplied.)

Precisely the same statute is contained in 1 Pollard's Code, section 842, as codified from Acts 1878-9, page 303.

Chapter 170 of the Code of 1887 provided, on the subject of appeals of right, as follows:

"Section 3445. *Appeals of right from county court.*— Any person who thinks himself aggrieved by an order in a controversy concerning the probate of a will, or other appointment or qualification of a personal representative, guardian, curator, or committee, or concerning a mill, roadway, ferry, wharf, or landing, may, in a county court, during the term at which such order is made, appeal therefrom of right    *    *    ."

This statute remained in this form until it was repealed by Acts 1902-3-4, page 778, when the county courts were abolished under the Constitution of 1902.

As appears from the marginal entry opposite section 3453 of Code of 1887, that statute was first enacted in those terms by the act approved April 2, 1879 (Acts 1878-9, page 381), which amended and reenacted section 1 of chapter 178 of the Code of 1873.

Section 1 of chapter 178 of the Code of 1873, so far as material, is precisely the same language as the act just referred to, and is there taken *totidem verbis* from the act approved June 23, 1870 (Acts 1869-70, page 219, *et seq.*), which, as set forth in its caption, was enacted to make the statute as to appeals "conform to the new Constitution"—the Constitution of 1869 —under which, for the first time in Virginia, boards of

3

supervisors were created, and county courts were reduced to courts of a certain limited jurisdiction as provided by statutes enacted in pursuance of section 13 of such Constitution.

The act just referred to, in section 12, provided that "every appeal * * * shall, when it is to or from a judgment * * or order of any county court, be docketed in the circuit court which has jurisdiction over such county; and when it is to or from a judgment * * or order of any other court, be docketed in the Court of Appeals."

By statute enacted in 1872 (Acts 1872-3, 383), as embodied in the Code of 1873 (chapter 154, sections 4 and 7, page 1029), the jurisdiction of the county courts was limited and prescribed as follows:

"4. The county courts may grant letters of administration, admit wills to probate, appoint guardians, curators, and committees, and shall have jurisdiction to hear and determine all motions and other matters made specially cognizable therein by any statute.

* * * * * * *

"7. All causes at law and in chancery pending in the county court on the day this act takes effect, of which said court has no jurisdiction under this act, shall be removed to the circuit court for such county; * *."

With reference to an original probate proceeding, whether in the county or circuit court, the statute, first enacted in 1838, as contained in the Code of 1873, chapter 118, section 32, page 915, and as contained in Code of 1887, section 2542—and which appears, indeed, in the same terms in Code 1919, section 5257—was and is, so far as material, as follows:

"* * * *trial by jury;* * * In every such proceeding * * If any person interested ask it, it" (the court) "shall order a trial by jury * *."

As the statute law stood until the county courts were abolished, as aforesaid, under the Constitution of 1902, if the probate proceeding was instituted in the county court, an appeal lay from the final order therein of the county court to the circuit court.   See Acts 1869-70, chapter 171, section 9, page 223; Code 1887, section 3465.   And during the whole period from the going into effect of the Constitution of 1869 down to the abolition of the county courts, the trial in the circuit court of such an appeal, and also of appeals from an order of a county court of a controversy concerning * * the appointment or qualification of a personal representative, guardian, curator, or committee, or concerning a mill, roadway, or ferry, wharf or landing, was *de novo*, as provided by statute.   See Acts 1869-70, chapter 171, section 22, page 225; Code 1887, section 3482.   So that in whatsoever cases there was a right of trial by jury given in the county court, the same right of trial by jury was given on the trial of an appeal therefrom in the circuit court.

Also during the whole period, from the going into effect of the Constitution of 1869 down to the present time, the following statute (first appearing, indeed, in the Code of 1849 as section 7, page 640; afterwards in the Code of 1873, chapter 163, section 8, page 1081; Code of 1887, section 3213; and in Code 1919, section 6048) has been in force, namely:

"On a motion, when an issue of fact is joined, and either party desire it, or, when in the opinion of the court it is proper, a jury shall be empaneled, unless the case be one in which the recovery is limited to an amount not greater than twenty dollars, exclusive of interest."

*Chase & McCoy* and *S. H. & Geo. C. Sutherland,* for the plaintiff in error.

*F. H. Combs,* for the defendants in error.

SIMS, P., after making the foregoing statement, delivered the following opinion of the court:

There are a number of assignments of error, but in our view of the case the decision of the following question is decisive of the case on appeal, and must result in a reversal of the judgment under review, namely:

[1] 1. Was a statutory right of the plaintiff to a trial by jury of his appeal to the circuit court from the action of the board of supervisors, disallowing his claim against the county of money as owing to him by the county for work done under contract between the plaintiff and the county, denied him by such court, when it denied his request that a jury be empaneled to try the issue of fact joined upon such appeal?

The question must be answered in the affirmative.

[2] The plaintiff's right to a trial by jury of his appeal does not, it is true, rest upon any constitutional right of trial by jury, because the proceeding is in effect an action against the county—a political subdivision of the Commonwealth—which, like the Commonwealth, can be sued only in such cases and in such manner as may be allowed by the Commonwealth by statute on the subject; but the proceeding is in its nature an action against the county to recover money alleged to be owing by the county on contract. It is of the same character as the claim of one individual against another in an action to recover a debt alleged by the plaintiff to be owing to him by the defendant on contract; the precise procedure merely being different, because the statute giving the remedy provides

such procedure in lieu of a formal action against the
county, and requires one seeking to enforce a claim
against a county to proceed by first presenting the
claim to the board of supervisors of the county and then,
if it be disallowed, by appeal to the circuit court.

However, where, as we shall presently see is true as
applicable to the instant case, the statute law, by
which the Commonwealth consents that its political
subdivision, the county, may be sued, gives the same
right of trial by jury as is given by other statutes
referred to therein in certain other proceedings men-
tioned in such other statutes, and where such other
statutes give the right of trial by jury in order that the
procedure may conform to the constitutional provision,
that "no man shall be deprived of his property without
due process of law; and in controversies respecting
property and in suits between man and man, trial by
jury is preferable to any other and ought to be held
sacred" (Va. Const. section 11); the right of trial by
jury is just as inviolable and, hence, the granting of
it is just as essential to the jurisdiction of the court in
the particular case, as if the right were conferred by
the Constitution instead of the statute law.

Formerly, as appears from the statute law cited in
the statement preceding this opinion and codified in
the present statute on the subject (Code 1919, section
2763), the appeal in such cases as that before us was
first to the county court, where the plaintiff was, by
the very terms of such statute law, given the right to
have the appeal tried "as appeals of right from an
order of a county court," in a certain character of cases
designated in the statute, namely, appeals from orders
of the county courts "in a controversy concerning the
probate of a will, or the appointment or qualification
of a personal representative, guardian, curator, or com-

mittee, or concerning a mill, roadway, ferry, wharf, or landing.''

Now, all of the proceedings just mentioned were of such character that they naturally and usually arose in the county court upon motions—they were in their nature proceedings in that court on motion.

Moreover, when an appeal in such cases to the circuit court came on there to be tried, it, in substance if not in precise form, was there heard and determined on the application, or motion, of the appellant that the circuit court reverse the decision appealed from. As to all of them then, the statute which is cited and quoted in the statement preceding this opinion (Code 1849, section 7, page 640; Code 1873, chapter 163, section 8, page 1081; Code 1887, section 3213; Code 1919, section 6048) was applicable, and gave the right of trial by jury in every such case, ''where an issue of fact is joined and either party desire it;'' or, in the case of the trial of an appeal from the order of a county court in a probate proceeding, which the statute (Code 1919, section 2763), providing how appeals from decisions of boards of supervisors disallowing claims shall be tried, embraces, by codification of the statute law as it appeared in Code 1873, chapter 118, section 32, page 915; Code 1887, section 2542; Code 1919, section 5257, where the right of trial by jury is given by such statute law if any person interested ask it.''

[3] The statute first cited in the next preceding paragraph is applicable to all trials in the courts of record, other than the Supreme Court of Appeals, had on motions; and is not confined to motions for the recovery of money in an action of debt. See as to application of this statute and the right of trial by jury thereby given on motions to abate an attachment, *Claflin & Co.* v. *Steenbock & Co.*, 18 Gratt. (59 Va.)

842; *Dunlap* v. *Dillard*, 77 Va. 847, 855; *Wallace* v. *McCarty*, 8 W. Va. 193, 199.

It is contended in argument for the defendant county that controversies concerning wills are to be divided into two classes: "1st Controversies to determine whether or not there is a will, which is a probate proceeding; 2nd All other controversies growing out of a will." And the position is taken that while, on the trial of appeals in the circuit courts from orders of county courts in the first class of cases, there was, under the former statute, of which the aforesaid section 2763 of the Code of 1919 is admittedly a codification, the right of trial by jury claimed by the plaintiff in the instant case; yet it is contended that appeals lay from the county courts to the circuit courts in the controversies of the second class mentioned, and that, on the trial in the circuit court of such appeals, they were all to be decided by the court "without a jury." But the county courts had no jurisdiction of any controversies of that class. Their jurisdiction of controversies concerning wills was limited and confined to the probate of wills (*Rickard* v. *Rickard*, 134 Va. 485); 115 S. E. 369 and, as is of course well understood, under the statute law putting the Constitution of 1869 into effect, the circuit and corporation courts had sole and exclusive jurisdiction of all controversies of the second class mentioned. Moreover, that jurisdiction was exercised by those courts "without a jury" because that jurisdiction was in equity only. Hence, the position mentioned taken by the county in no way affects the correctness of the aforesaid conclusion we have reached.

It is further contended in argument for the defendant county that the Code of 1887 provides as follows: That section 2639, providing for the grant of administration in the situation thereby dealt with, says: "*The*

*court* may grant administration," etc.; that in section 2637 it is provided that if no executor be appointed by the will "*the court* may grant administration," etc.; that section 2599 provides that "the circuit * * *court*" may appoint a guardian; that section 2600 provides in a certain case that "*the court* may * * appoint his guardian;" that section 2601 provides for guardians' bonds being approved by "*the court;*" that section 2602 provides that "*the court* may * * appoint a curator; that section 1697 provides that "*the court*" shall appoint a committee in certain cases; that section 1347 provides that a person proposing to erect a mill "may apply to the *court* to appoint commissioners," etc.; that section 1349 provides for "*the court*" making appointment of commissioners to report on certain matters of damages; that section 945 provides that "*the court*" may appoint viewers of proposed roads, etc.; section 947 that application may be made to "*the court*" to establish or alter a road or landing, etc.; section 1364 that "*the court*" may prescribe rates of ferries; section 999 that application may be made to "*the court*" for the establishment of a wharf or landings. From which it is argued that *the court* is authorized to try, without a jury, the appeals of right referred to in said section 2763 of the Code of 1919. And yet, it is admitted in such argument that such appeals are now to be tried by jury if, under section 842 of the Code of 1887, they would have had to be tried by jury as being appeals from orders of the county court "in a controversy concerning the appointment or qualification of a personal representative, guardian, curator, or committee, or concerning mill, roadway, ferry, wharf, or landing." And this argument overlooks the express provisions of the statute law aforesaid, to the effect that, although the county *court* was given jurisdiction

to act in such matters, yet, if it was a probate pro-
ceeding, "if any party in interest asked it," or if it
was a proceeding "on a motion, where an issue of fact
was to be tried, if either party desire it," they were
entitled to the trial by jury as aforesaid.

[4] Hence, reading the present statute (Code 1919,
section 2763)—(which as aforesaid provides for the
method of the trial, in the circuit court of appeals such
as that before us)—in the light of its origin, set forth
above, we are of opinion that it gives the right of trial
by jury to either party to the litigation, to the claimant
or to the county, who may "desire it" and "ask it,"
because it provides for the same method of trial in the
circuit courts of such an appeal as was provided by
the aforesaid former statute law on the subject for the
trial in the circuit courts of appeals from orders of the
county courts in proceedings of the character above
mentioned, on the trial of which in the circuit courts
either party litigant had such right of trial who might
"desire it" and "ask it," as aforesaid.

[5, 6] And, independently of the construction of the
aforesaid present statute (Code 1919, section 2763),
based on the history of the statute, we are of opinion
that the appeals, being informal in procedure, come on
to be tried and determined in the circuit court under
such statute on the application, which is in substance
"on a motion," of the appellant, that the circuit court
reverse the decision of the board of supervisors appealed
from. Hence the trial in the circuit court is, in sub-
stance, if not in precise form, "on a motion." So that
wherever the appeal from an order of a board of super-
visors, disallowing a claim, involves the trial of "an
issue of fact," the general statute aforesaid, now con-
tained in Code 1919, section 6048, is applicable and
gives the right of trial by jury "where an issue of fact

is joined and either party desire it." It is the just boast of our law, both as enacted by the legislature and as interpreted by the courts, that it looks to the substance and not to the mere form.

If the plaintiff's claim, which was disallowed by the board of supervisors, had been for damages for land taken or damaged by the county for public road purposes, without condemnation proceedings, he would have had to rely upon precisely the same statute law (Code 1919, sections 2761 and 2763), as giving him the right of appeal to and the right of trial by jury in the circuit court. That statute law provides the method of procedure, by claim first made before the board of supervisors and next by appeal to the circuit court as to so much of the claim as is disallowed by the board, in lieu of an action against the county for damages, in such case. *Nelson County* v. *Loving,* 126 Va. 293, 101 S. E. 406. And in such case no one could doubt that the claimant would have the right of trial by jury on an issue of fact as to whether he was entitled to the damages claimed. If he would have that right in such case, he has that right in the instant case, since the same statute law governs the procedure in both classes of cases. And the same must be true of all other appeals from boards of supervisors to the circuit courts, where issues of fact are to be tried.

This construction of the statute under consideration is but fair and just, both to the county and to the claimant. It does not penalize a suitor against a county as the price of permitting him to resort to the courts to enforce a just claim against it, by denying him the right of trial by jury of issues of fact; but accords that right as one which in fairness should be had by the claimant in such cases equally as if the claim were asserted in an action against an individual.

At the same time, this construction of the statute gives to the county the same right of trial by jury of issues of fact on such trials. And such, we think, is plainly the intent and meaning of the statute.

Further: Code 1919, section 6006, so far as material, provides as follows: "If, in any case which is to be tried by a jury, a county  *  *  be a party, and the trial is to be had in a court of said county  *  *  the said court, or the judge thereof in vacation, shall, upon the application of either party, order such number of persons (not less than twenty), qualified to serve on juries, as the court or judge may prescribe, to be summoned from an adjacent county, city or town,  *  *  ," etc.; providing for the summoning and the empaneling of a jury from those thus summoned to try the case.

[7] This statute is not limited in its application to cases in which a county is plaintiff, and therefore applies to cases in which the county is a defendant. Now, since under the statute law on the subject counties cannot properly be sued at law except by the procedure aforesaid of first presenting the claim to the board of supervisors and then appealing to the circuit court as to so much of the claim as is disallowed, all appeals to the circuit court by claimants, involving legal demands against a county, consist entirely of appeals to the circuit courts from the decisions of boards of supervisors disallowing claims against the county. The statute just mentioned evidences, therefore, that the legislative construction of the statute law we have above considered is the same as that which we have given it, namely, that such appeals, if the other requisite therefor exists, are "to be tried by a jury," else section 6006 would not have been enacted in the general terms employed, which embrace, as aforesaid,

all cases of the character aforesaid, in which the county is a defendant. And plainly the other requisite which determines which of such appeals is to be tried by a jury is the existence of an issue of fact thereon to be tried.

Finally: It appears from the reports of this court that trial by jury of appeals in the circuit courts from disallowance of claims of whatsoever character by boards of supervisors has been a very general practice in this State for a long time. See *Carroll County* v. *Collier*, 22 Gratt. (63 Va.) 302; *Dinwiddie County* v. *Stuart*, 28 Gratt. (69 Va.) 526, where it is said by this court: "The parties waived their right to have a jury for the trial of the case;" *Bunch* v. *Fluvanna County*, 86 Va. 452, 10 S. E. 532; *Louisa County* v. *Yancey*, 109 Va. 229, 63 S. E. 452; *Luck Constr. Co.* v. *Russell County*, 115 Va. 335, 79 S. E. 393; *Nelson County* v. *Coleman*, 126 Va. 275, 101 S. E. 413; *Nelson County* v. *Loving*, 126 Va. 283, 101 S. E. 406; *Campbell County* v. *Howard*, 133 Va. 19, 112 S. E. 876; *Petherbridge* v. *Princess Anne County*, 136 Va. 54, 116 S. E. 359.

The case will be reversed and a new trial awarded, in which the plaintiff will be entitled to have a trial by jury of all issues of fact involved, the jury to be obtained from another county in accordance with the aforesaid section 6006 of the Code.

*Reversed and new trial awarded.*