## CIRCUIT COURT OF FAIRFAX COUNTY

Arthur H. Kitchen and
Karen S. Kitchen

v.

Department of Highways and Transportation

Case No. 75111

Karen S. Kitchen

v.

Department of Highways and Transportation

Case No. 77246

September 3, 1987

By JUDGE THOMAS J. MIDDLETON

This matter is before the Court on Defendant Commonwealth's Motion in Limine to Strike Plaintiffs' demand for a jury trial. After reviewing Defendant's Memorandum of Law, Plaintiffs' Memorandum in Opposition, and the relevant legal authority, the Court grants Defendant's motion and orders the matters tried without a jury.

Defendant asserts that in cases arising under the Virginia Tort Claims Act (VTCA), § 8.01-195.1 *et seq.*, neither a constitutional nor a statutory right to a jury trial exists; that since claims against the sovereign were not recognized at common law, there is no constitutional right to a jury trial under either the Seventh Amendment or article 1, section 11, of the Virginia Constitution; that the Commonwealth can only be sued in the manner prescribed by statute; and since the VTCA does not specifically delineate a right to trial by jury, no such right exists.

Plaintiffs assert that the VTCA did not create a new cause of action; rather it merely abrogated the Commonwealth's immunity from liability for a tort which existed at common law. Plaintiffs assert therefore that the right to a jury trial is constitutionally required.

It is the opinion of the Court that a constitutional right to a jury does not exist in this case. With some exceptions not applicable here, the right to a jury trial only exists in suits at common law. Although a cause of action for negligence existed at common law, no suit could be maintained against the Commonwealth by virtue of the doctrine of sovereign immunity. The VTCA waived this immunity to a limited extent; it did not "create a new cause of action. . . which did not theretofore exist [but gave] a remedy to enforce liability." *Wilson v. State Highway Commissioner*, 174 Va. 82, 90 (1939). In effect the VTCA authorized suits against the Commonwealth where no such right existed at common law. Since no suit could be maintained against the state at common law, there is no Seventh Amendment right to a jury trial in this case. Nor does such a right exist under the Virginia Constitution. *See Stanardsville Volunteer Fire Co. v. Berry*, 229 Va. 578, 583 (1985) (Art. 1, § 11, not applicable in proceedings in which no right to jury when constitution adopted).

Plaintiffs also assert that the dispositive issue is not whether the action was recognized at common law, but whether the action and remedy are legal as opposed to equitable in nature. Plaintiffs rely upon *Tull v. United States*, 481 U.S. ---, 95 L. Ed. 2d 365, 107 S. Ct. 1831 (1987), to support the proposition that a right to a jury trial exists when statutory claims are analogous to suits at common law. Plaintiffs contend that since their claim and the remedy they seek is legal in nature, they are entitled to a trial by jury.

It is the opinion of the Court that Plaintiffs' reliance on *Tull* is misplaced. *Tull* held that the right to a jury trial exists when a statutory claim is analogous to an action at common law, and when it is legal in nature. However, the party asserting the claim in *Tull* was the government and the waiver of sovereign immunity was not in issue.

More on point is *Lehman v. Nakshian*, 453 U.S. 156 (1981), which held that no constitutional right to a

jury trial exists in actions against the government and where a sovereign immunity is waived unless the right is affirmatively and unambiguously granted by statute. The mere fact that the nature of plaintiffs' action is legal in nature is of no consequence: "where legal relief is granted in litigation between private parties, the Seventh Amendment guarantees the right to a jury. . . [b]ut the Seventh Amendment has no application in actions at law against the government." 453 U.S. at 163. Consequently, although the nature of Plaintiffs' claim is legal, a constitutional right to a jury trial does not exist since the action is against the Commonwealth.

In the absence of any constitutional mandate, Plaintiffs have a right to a jury trial only if affirmatively provided by statute. This principle is repugnant to neither the Seventh Amendment, *Lehman*, 453 U.S. at 160, nor article 1, section 11, of the Virginia Constitution. *Lambert v. Bd. of Supervisors of Buchanan County*, 140 Va. 62 (1924). In *Lambert*, the Court held that the Plaintiff was statutorily entitled to a jury in a suit against the Commonwealth. Before reaching the merits, however, the Court noted:

> The Plaintiffs' right to a trial by jury. . . does not. . . rest upon any constitutional right of trial by jury, because the proceeding is in effect an action against the county--a political subdivision of the Commonwealth--which, like the Commonwealth, can be sued only in such cases and in such manner as may be allowed by our Commonwealth by Statute on the subject.

140 Va. at 68.

Under the provisions of the VTCA there is no affirmative right to a jury trial in cases against the Commonwealth. This Court cannot read into the statute such an affirmative right. *Wilson*, 174 Va. at 91. Accordingly, Plaintiffs are not statutorily entitled to a trial by jury.

Plaintiffs' final argument is that this Court is empowered under § 8.01-336(C) to direct that this case be tried by a jury. That section, however, confers such power to be exercised at the Court's discretion only

when "there has been no demand for trial by jury by any party." Since Plaintiffs have already asserted such a demand, this Court cannot exercise its discretion.

For the foregoing reasons, the Defendant's Motion in Limine to Strike Plaintiff's demand for a trial by jury is granted.