WILLARD MFG. CO. v. MERCHANTS NATIONAL BANK.

(Filed June 10, 1902.)

ATTACHMENT—*National Banks—Rev. Stats. U. S., Sec. 5242.*

> Under Rev. Stats. U. S., Sec. 5242, no attachment can be brought against a national bank.

ACTION by the Willard Manufacturing Company against the Merchants' National Bank and Geo. H. Tirney & Co., heard by Judge *Walter H. Neal,* at January Term, 1902, of the Superior Court of DURHAM County. From judgment for the plaintiff, the defendant bank appealed.

*Boone, Bryant & Biggs,* for the plaintiff.
*Busbee & Busbee,* for the defendant.

FURCHES, C. J.  The plaintiff commenced an action against Geo. H. Tirney & Co., in which plaintiff alleges that said Tirney & Co. is liable to plaintiff in the sum of $285.92 on account of a breach of contract.  Upon this allegation, said Tirney & Co. being non-residents of this State, but owning a lot of cotton in this State (as plaintiff alleged), plaintiff sued out an attachment and caused it to be levied on said fifty bales of cotton.  In that action the defendant bank intervened and claimed the cotton.  The plaintiff then commenced this action against the defendant bank and attached the same cotton as the property of the defendant bank.  In this way both cases stood upon the docket of Durham Superior Court at the same time, and the defendant bank moved to dismiss the action against it and to discharge the attachment as against it; while on the other hand the plaintiff moved to consolidate this action with the action of plaintiff against Tirney & Co.  The Court refused the motion of defendant to dismiss the action and discharge the attachment against it, but allowed the motion of plaintiff and consolidated the two actions and defendant appealed.

We do not see at present how it is the plaintiff has a cause of action against the defendant bank for a breach of contract with the defendant, Tirney & Co., as alleged by it.  But this would be more properly a question to be considered on a trial of the case and not on a motion to dismiss.

But the motion to dismiss the action and discharge the attachment is not made upon that ground, but for the reason that it is commenced by attachment and a levy upon fifty bales of cotton alleged to be the property of the defendant bank.  It is alleged by the plaintiff and admitted that the defendant is a "National Bank," and, in our opinion, the defendant's motion should have been allowed.

The Act of Congress 1873 incorporated into Section 5242, Revised Statutes of the United States, provides that no attach-

ment shall be brought against a National Bank in any State Court. And this has been held to be the law, not only as to State Courts, but also as to United States Courts. *Pa. National Bank v. Mixter,* 124 U. S., 721. And the same is held to be the law in the State of Vermont. *Sanford v. First National Bank, etc.,* 61 Vt., 373.

Therefore, the defendant's motion to dismiss and to discharge the attachment should have been allowed.

Error.