### Wytheville.

## POWERS v. CARTER COAL & IRON COMPANY.

### June 19, 1902.

1. JUDGMENTS BY DEFAULT—*Correction Under Code, Section 3451—Nunc Pro Tunc Orders—Conditions.*—When, on an application to a trial court to correct a judgment by default, under the provision of section 3451 of the Code, it appears that no order was entered by the court on the day to which a notice of a motion for a judgment was returnable, but that judgment by default was entered at a subsequent term, it is within the power and discretion of the court to enter an order *nunc pro tunc* docketing the motion and continuing it to the next term, and validating the judgment, as between the original parties, and annexing a condition thereto that such judgment shall not affect the rights of innocent third persons whose rights have accrued since the original judgment, and before the *nunc pro tunc* order. Such order, when made, is an entirety, and is not valid as to the judgment and void as to the condition. The two provisions are dependent on each other.

Appeal from a decree of the Circuit Court of Wise county, pronounced December 7, 1900, in a suit in chancery wherein the appellee was the complainant, and the appellant and others were the defendants.

*Affirmed.*

The opinion states the case.

*W. H. Werth, W. H. Bond, R. E. Chase* and *A. A. Skeen,* for the appellants.

*Bullitt, Kelly & Hull* and *Fulton & McDowell,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

J. A. Miller, sheriff of Dickenson county, for the benefit and at the cost of W. S. Powers and W. A. Powers (sometimes called W. A. Powers, Jr.), trading under the firm name and style of Powers Bros., issued a notice to Jane Damron, principal, and Cummins Kiser and J. A. Hughes, her sureties, that he would move the County Court of Dickenson county on the 12th day of April, 1898, being the first day of the April term of the said court, for a judgment on a suspending bond in the penalty of $60, executed by Jane Damron, and her said sureties, to the said Miller, S. W. C., for, etc., and forfeited. This notice was served only upon Kiser and Hughes, and there was no order made by the clerk of the County Court of Dickenson county at the April term, 1898, docketing and continuing the motion, but on the 10th day of May, during the succeeding term of Dickenson County Court, judgment was entered in favor of Powers Bros. against Kiser and Hughes for the penalty of the suspending bond, to-wit, $60 and costs, which judgment was docketed in the clerk's office of Dickenson County Court, and an abstract thereof was, on the 23d day of June, 1898, docketed in the clerk's office of Wise County Court. On the 11th day of August, 1898, Powers Bros. instituted a chancery suit in the Circuit Court of Wise county against Jane Damron, Cummins Kiser, and J. A. Hughes to subject to the payment of the aforesaid judgment a tract of land belonging to Kiser, situated in Wise county, and, at the same time caused to be recorded in the County Court clerk's office a *lis pendens* setting forth the object of this chancery suit, a description of the land sought to be subjected to the satisfaction of the judgment asserted therein, etc. This bill was taken for confessed, and a decree made thereon at the September term of the court following, directing a sale of the land described in the bill, and that sale was made on the 7th of December, 1898, by the commissioner of the court

appointed for the purpose, and W. A. Powers, Jr., became the purchaser of the land at the price of $200. The sale was reported to the court and confirmed, and subsequently the purchaser paid the whole of the purchase money in cash, and a deed for the land was made to him by the commissioner of the court, pursuant to a decree entered on the 12th of April, 1899, which deed W. A. Powers had recorded in the clerk's office of Wise County Court.

On the 1st day of August, 1899, Cummins Kiser and J. A. Hughes moved the Judge of Dickenson County Court, in vacation, under section 3451 of the Code, to annul, vacate and set aside the order of May 10, 1898, rendering the judgment against them before mentioned, setting forth, among other things, as the grounds for the motion, that there was no order docketing and continuing the motion for the judgment at the April term of the County Court of Dickenson, to which the notice of the motion for the judgment was made returnable, and this motion to vacate the judgment was continued until August 15, 1899, when it was met by a counter-motion on the part of Powers Bros. that the judge of the County Court enter an order *nunc pro tunc* correcting the former order complained of, that is, to enter an order *nunc pro tunc* docketing the motion for judgment on the suspending bond as of April 12, 1898, and continuing the motion to the May term following; but the judge of the County Court overruled the motion of Powers Bros. and entered an order vacating the judgment. From this order Powers Bros. obtained a writ of error and supersedeas from the Circuit Court of Dickenson county, which, upon a hearing, resulted in a reversal of the judgment of the County Court, but upon the condition that the *nunc pro tunc* order provide that the judgment of May 10, 1898, should have no other effect than a personal judgment as of May 10, 1898, against Cummins Kiser and J. A. Hughes, and be a lien only upon such real estate as they or either of them owned at the date of the order, and

should not be a lien upon the real estate sold and conveyed by Cummins Kiser to Carter Coal & Iron Company, or in any way affect that land (which is the land in controversy here), and the order of the Circuit Court, which in its opinion the County Court should have entered, contains the provisions stated. To this judgment of the Circuit Court there was and could have been no writ of error, the amount involved being less than $500.

The surface of the land referred to in the order of the Circuit Court of Wise county was purchased by the predecessors in title of the Carter Coal & Iron Company from Cummins Kiser in September, 1897, under an executory contract, evidencing the sale, which was never recorded—the mineral rights in the land having been theretofore acquired—and it was not until January, 1899, that Kiser conveyed the surface of the land to the Carter Coal & Iron Company, when the purchase price therefor, $2,933.92, was fully paid, and the deed of conveyance recorded, but the possession of the land in the Carter Coal & Iron Company and its predecessors in title, prior to the deed from the commissioner of the Circuit Court of Wise county conveying the land to W. A. Powers, Jr., was actual, open, and notorious.

To the first August rules, 1899, the Carter Coal & Iron Company instituted a suit in chancery in the Circuit Court of Wise county against W. A. Powers, Jr., and others, the object of which was to annul and set aside the deed from the commissioner of the Circuit Court of Wise county to W. A. Powers, Jr., as being a cloud upon the Carter Coal & Iron Company's title to the land in question; the bill in that case setting out that the judgment upon which the proceedings were had which resulted in the deed to W. A. Powers, Jr., was a nullity, and the reasons therefor.

On the 4th of September, 1899, Cummins Kiser and J. A. Hughes filed a bill of review in the original chancery cause of Powers Bros. against Cummins Kiser *et als.* in the Circuit Court of Wise county, asking that the whole proceedings in that cause

be.reviewed, reversed, and set aside, for reasons fully set forth in the bill, among which, and the only one that we need here consider, was that the judgment upon which all the proceedings were had in that suit, and which led up to the deed to W. A. Powers, Jr., for the land in question, had been set aside and annulled by the County Court of Dickenson county on the 15th day of August, 1899, as hereinbefore stated. Subsequently, the bill of review was amended, setting forth the order of the Circuit Court of Dickenson county of October 10, 1899, upon the writ of error and supersedeas to the judgment of the County Court to which we have above referred; and, this cause coming on to be heard December 7, 1900, upon the bill of review as amended, and the exhibits therewith, on the demurrer and answer of W. S. and W. A. Powers, on the joinder in the demurrer and the general replication to the answer, the court granted the prayer of the bill of review, annulling all the decrees in the cause prior to September 4, 1899, and dismissing the original bill at the costs of Powers Bros. From this decree no appeal is taken.

On the same day, to-wit, the 7th day of December, 1900, the cause of *Carter Coal & Iron Co.* v. *Powers Bros. et als.*, came on to be heard on the original and amended bill of the complainant, the answer thereto of W. A. Powers, Jr., and the general replication thereto, on the amended bill taken for confessed as to the other defendants, on the record in the chancery cause of *Powers Bros. v. Cummins Kiser et als.*, including the proceedings on the bill of review in said cause, on the exhibits filed with the bill and amended bill, on the exhibits filed with the answer of W. A. Powers, Jr., and on the depositions taken on behalf of complainant and W. A. Powers, Jr. Whereupon it was decreed and ordered that the deed of April 12, 1899, by W. H. Bond, special commissioner in the cause of *Powers Bros.* v. *Cummins Kiser et als.* to W. A. Powers, Jr., be cancelled, annulled, and held for naught, that W. A. Powers be thereby per-

petually enjoined and restrained from asserting claim to the land attempted to be conveyed by said deed, and that the complainant recover its costs, etc. From this decree an appeal was obtained from one of the judges of this court.

While the petition for the appeal represents that the appellant is aggrieved by two decrees entered on the 7th day of December, 1900, the one in the cause of *"Powers Bros.* v. *Cummins Kiser et als.,"* and the other in the cause of *"Carter Coal & Iron Co.* v. *Powers Bros. et als.,"* no appeal is taken in the first-named case, and a certified transcript of the record in the second-named cause alone is brought up to this court. The two cases were never consolidated or brought on to be heard together at any time; but, if it were conceded, as counsel for appellant contends, that we could review, on this appeal, the proceedings which led up to the decree upon the bill of review in the case of *Powers Bros.* v. *Cummins Kiser et als.,* the only question that we need to consider is, what was the effect to be given to the judgment of the Circuit Court of Dickenson county upon the writ of error to the judgment of the County Court?

The judgment of *Powers Bros.* v. *Kiser and Hughes* was a judgment by default, and liable to be avoided under the statute, sec. 3451 of the Code, until made final and conclusive by a *nunc pro tunc* order of the court rendering the judgment, docketing the motion for the judgment on the suspending bond, and continuing the motion to the May term of the court following, when the judgment was given, there having been no such order entered in the County Court on the day to which the notice of the motion for the judgment was to be made. *Parker* v. *Pitts,* 1 H. & M. 4; *Amis* v. *Koger,* 7 Leigh, 223; 2 Barton's L. Pr. 1046.

The motion of Powers Bros. in the County Court for the *nunc pro tunc* order was based solely on a supposed pencil memorandum of the judge of that court at the April term of the County Court, 1898, and he refused absolutely to make the

order.   Powers Bros. applied for and obtained from the Circuit Court a writ of error to the judgment of the County Court, and, upon a hearing, the Circuit Court, as we have seen, reversed the County Court, and entered the *nunc pro tunc* order upon the terms and conditions stated therein.

It is contended for appellant that the judgment of the Circuit Court, upon the writ of error, in so far as it settled the question as to the right of Powers Bros. to have the order *nunc pro tunc*, was within its jurisdiction, final and conclusive, but as to the "terms and conditions" upon which the order was made, its judgment was *coram non judice* and void.

It is said by Freeman, in his work on Judgments, sec. 66: "The entry of judgments or decrees *nunc pro tunc* is intended to be in the furtherance of justice.   It will not be ordered so as to affect third persons who have acquired rights without notice of the rendition of any judgment.   Generally such conditions will be imposed as may be necessary to save the interest of third parties, who have acted *bona fide*, and without notice; but if such conditions are not expressed in the order of the court, they are, nevertheless, to be considered as made part of it by force of the law.   The public are not expected or required to search in unusual places for evidence of judgments.   They are bound to take notice of the regular records, but not of the existence or signification of memoranda made by the judge, and upon which the record may happen to be afterwards perfected."

The rule of law as stated in 15 Enc. of Pl. and Pr. 288, is: "A court, upon an application to open or vacate a judgment, may, in the exercise of its discretion, impose such terms upon the applicant as a condition of granting such application, as under the circumstances it may see fit, or it may grant the application and open or vacate the judgment unconditionally without the imposition of terms; it being entirely in the discretion of the court to impose them or not, according to its view of what the justice of the case requires."   And in 1 Black on Judgments,

sec. 137, it is said: "When a judgment is entered *nunc pro tunc*, its effect, so far as it operates by relation to the earlier date, must be confined to the rights and interests of the original parties; at least it will not be allowed to work detriment to the rights of innocent third persons acquiring interests without notice of the rendition of any judgment." To the same effect is the opinion of the court in the well-considered case of *McCormick* v. *Wheeler*, 36 Ills. 114, which was very much like the case we have under consideration.

In acquiring title to the land in question, the Carter Coal & Iron Company and its predecessors in title were bound by what the records of Wise County Court clerk's office gave them notice of. But what was that? The records of Wise county showed a judgment of the Dickenson County Court of May 10, 1898, and the records of Dickenson County Court showed that a notice of a motion to be made on the first day of the April term, 1898, against Jane Damron, Cummins Kiser and J. A. Hughes on a suspending bond executed by them to Miller, S. W. C., for benefit, etc., of Powers Bros. was issued and served on Kiser and Hughes, but the order book of the court, which is the official record of the court's proceedings, contained no order docketing the motion, noting the appearance of the defendants or either of them, and continuing the motion to the May term of the court following.

It is nowhere questioned that every application to the court to enter up a judgment *nunc pro tunc*, or what is the same thing in effect, to cure by such an order a defect in the proceedings upon which the judgment was originally entered, is an application addressed to the discretion of the court, and in this case, the Circuit Court of Dickenson county having jurisdiction to review, upon a writ of error, the judgment of the County Court denying the *nunc pro tunc* order applied for by Powers Bros., and vacating the judgment in question, and to enter such judgment as in its opinion the County Court should have entered, it

was clearly within its jurisdiction to affix to its judgment such terms and conditions as it deemed just and right. As has been well said in the argument, if the right to impose conditions had not existed in the Circuit Court, that court might have affirmed the judgment of the County Court annulling the judgment.

It is equally as clear, we think, that the judgment of the Circuit Court cannot be separated into two distinct divisions, one of which was within the power of the court, and the other *coram non judice.* It must be taken as a whole, because its two divisions are dependent, the one upon the other, and must, therefore, stand or fall as a whole, and in either event the lien of Powers Bros.' judgment on the land in question is destroyed. This apparent lien upon the land, on which all the proceedings and decrees leading up to, and resulting in the sale and conveyance of the land to appellant were based, having been set aside by a court of competent jurisdiction, the decree of the Circuit Court of Wise county on the proceedings upon the bill of review in the cause of *Powers Bros.* v. *Kiser et als.,* setting aside and annulling those proceedings and decrees could not have been other than it was. And this decree having been entered and considered by the same court in passing upon the rights of the parties to the suit of the *Carter Coal & Iron Co.* v. *Powers Bros. et als.,* the court had no other course open to it but to make the decree it did, setting aside, annulling and holding for naught the deed from Bond, special commissioner in the cause of *Powers Bros.* v. *Kiser et als.,* conveying the land in question to appellant, and perpetually enjoining and restraining him from asserting claim to the land attempted to be conveyed by that deed.

The decree appealed from is plainly right, and must be affirmed.

*Affirmed.*