# Staunton.

## DICKENSON COUNTY *v.* WEST DANTE SUPPLY COMPANY.

### September 23, 1926.

1. JUDGMENTS AND DECREES—*Rendition of Judgment—How Rendition of Judgment Shown.*—Where the question at issue was whether the court had actually rendered a judgment in the case upon the merits, the fact must be made to appear by matter of record, or by some entry made by the court, or under its authority, upon the court docket, or in the minute book kept by the clerk.

2. JUDGMENTS AND DECREES—*Entry Nunc Pro Tunc—Power of Court.*— The power of the courts, whether of law or equity, to make entries of judgments or decrees *nunc pro tunc,* in proper cases and in furtherance of justice, is one which has been recognized and exercised from ancient times as a part of their common law jurisdiction.

3. JUDGMENTS AND DECREES—*Entry of Judgment—Agreed Statement of Facts that Judgment was Rendered—Nunc Pro Tunc Judgments—Abuse of Discretion—Case at Bar.*—In the instant case judgment of $1,000 for plaintiff was rendered at the September term in 1922. For some reason no order was entered upon the order book evidencing the rendition of this judgment. But the agreed statement of facts shows that upon the court's docket for this term, on the line following the style of the case, and under the heading "the order made at this term of court" there was entered in the handwriting of the judge of the court the following entry: "Submitted to court, and evidence heard, and $1,000.00 adjudged to applicant." The case was dropped from the court's docket, and remained off until the March, 1925, term of the court. At that term the defendant moved the court to enter an order *nunc pro tunc* granting plaintiff judgment for $1,000.00 as granted by the court at the September term, 1922. The court overruled this motion and granted plaintiff's motion to place the case upon the docket and a trial was had before a jury. That a judgment was actually rendered by the court at the September term, 1922, conclusively appeared from the agreed statement of facts.

*Held:* That the plaintiff having agreed in writing that a judgment was rendered was estopped of setting up the defense that a judgment was not rendered; and that the court abused its discretion in failing to enter up judgment *nunc pro tunc.*

4. Jury—*Right of Trial by Jury—Acquiescence.*—The fact that the court erred in denying the plaintiff a trial by jury, will not affect the validity of the judgment, if acquiesced in by the plaintiff.

5. Judgments and Decrees—*Nunc Pro Tunc—Abuse of Discretion—Effect on Second Trial.*—Where the trial court abused its discretion in failing to enter a *nunc pro tunc* judgment and proceeding to retry the case, all the proceedings had upon the second trial were null and void.

Error to a judgment of the Circuit Court of Dickenson county, on an appeal from the board of supervisors of the county on a claim for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Chase & McCoy,* for the plaintiff in error.

*A. A. Skeen, S. H. & Geo. C. Sutherland,* for the defendant in error.

Campbell, J., delivered the opinion of the court.

This is a writ of error awarded by one of the judges of this court to the action of the trial court in entering judgment against the plaintiff in error for the sum of $2,000.00.

On June 6, 1921, the defendant in error (plaintiff in the court below) presented to the board of supervisors of Dickenson county an account against the county for the sum of $5,000.00, for alleged damages due as a result of injury to its property situated at West Dante, by reason of the relocation and the alleged negligent construction of a county road.

This claim was resisted by the county and after a hearing upon the merits, the sum of $250.00 was allowed the company as damages for injury to its property.

From this action of the board of supervisors the company, pursuant to the statute, appealed to the circuit court and the appeal was duly docketed.

Upon the call of the case at the March, 1922, term of the court, the plaintiff demanded a jury trial of the issue joined and moved the court to summon a jury from another county to try said issue. This motion the court overruled, being of the opinion that the case was triable by the court.

It appearing that the case could not be tried at the March term, an order was entered, by agreement, making the same a vacation case to be heard by the judge of the court on Tuesday, the 11th day of April, 1922, at his office in the town of Lebanon, Virginia.

This trial was accordingly had on the day designated, but no decision reached on that day by the trial judge. At the September, 1922, term of the Circuit Court of Dickenson county, to-wit, on October 19th, the court rendered its decision awarding the plaintiff damages in the sum of $1,000.00.

For some reason, it not appearing in the record, no order was entered upon the order book, evidencing the rendition of this judgment. But, as shown by the agreed statement of facts, upon the court's docket for this September term, on the line following the style of the case, to-wit: *"West Dante Supply Company, Plaintiff* v. *Dickenson County, Defendant,"* and under the heading, "the order made at this term of court," there is entered, in the handwriting of the judge of the court, the following entry: "Submitted to court, and evidence heard, and $1,000.00 adjudged to applicant."

Though no order was entered, the case was dropped from the court docket and remained off until the March, 1925, term of court.

At this term, the order entered on March 23, 1925, shows the following state of facts:

"This day came the parties by their attorneys, and the plaintiff moved the court to place his case upon the docket, whereupon the defendant by its attorney objected to the docketing of this case, and moved the court to enter a *nunc pro tunc* final order in this case granting the plaintiff judgment for $1,000.00 as was claimed by the defendant to have been granted by the court at its September term, 1922, whereupon both plaintiff and defendant introduced their evidence upon said motion, and upon consideration whereof the court doth overrule the motion to enter the order of *nunc pro tunc*, and granted plaintiff's motion to place the case upon the docket, to which ruling of the court the defendant excepted."

Thereupon a trial was had before a jury summoned from Russell county, which resulted in a verdict in favor of the plaintiff for the sum of $2,000.00, upon which judgment was entered by the court over the objection of the defendant.

There are seven assignments of error, but in view of the conclusion reached, it is only necessary to consider the second and third assignments of error, which are as follows:

"(2) The *nunc pro tunc* order should have been entered at the March term, 1925, giving judgment for the plaintiff, the company, against the county, for $1,000.00, with interest, and costs, as of the September term, 1922.

"(3) This case should not have been placed back on the docket of the circuit court at the March term, 1925, as the case had been fully heard and disposed of at the September term, 1922."

These assignments will be considered together.

[1] If the contention of the defendant that the whole case was disposed of at the September term, 1922, and that the court had no, discretion in the matter of entering the order be sound, then all acts of the court in regard to a retrial of the case were null and void. The determinative questions therefore, are, (1st). Did the court actually render judgment in the case upon the merits? If so, then this fact must be made to appear by matter of record, or by some entry made by the court, or under its authority, upon the court docket, or in the minute book kept by the clerk. (2nd). Was the court vested with discretionary power to enter or .to refuse to enter up judgment as rendered?

[2] "The power of the courts, whether of law or equity, to make entries of judgments or decrees *nunc pro tunc*, in proper cases and in furtherance of justice, is one which has been recognized and exercised from ancient times and as a part of their common law jurisdiction." 1 Black on Judgments, sec. 126.

In Freeman on Judgments (3rd ed.) sec. 66, it is said:

"The entry of judgments or decrees *nunc pro tunc* is intended to be in furtherance of justice."

[3] That judgment was actually rendered by the court conclusively appears from the agreed statement of facts *supra*, and corroborated by the further agreement of facts that "the said judge of this court upon the hearing, not being advised, took time to consider, and at the following September term, about the close of the said term, on October 19, 1922, announced that he awarded the plaintiff damages against the defendant in the sum of one thousand dollars, with the costs of this appeal * * * * * ."

The plaintiff having agreed in writing that a judg-

ment was rendered, is estopped from setting up the defense that a judgment was not rendered.

As to the discretionary power of the court to enter the *nunc pro tunc* judgment, even though it be conceded that the court had such discretion, we are of the opinion that the court abused its discretion in failing to enter up a judgment *nunc pro tunc.*

In *Powers* v. *Carter Coal & Iron Co.*, 100 Va. 457, 41 S. E. 870, Judge Cardwell said: "It is nowhere questioned that every application to the court to enter up a judgment *nunc pro tunc*, or what is the same thing in effect, to cure by such an order a defect in the proceedings upon which the judgment was originally entered, is an application addressed to the sound discretion of the court * * * * * ."

The facts in that case were that Powers had obtained a judgment by default, in Dickenson county, which was liable to be avoided under the statute, section 3451, Code 1887. This judgment was duly docketed in the Clerk's office of Wise county and was involved in the chancery suit. The records of Dickenson county, that is, the order book, contained no order docketing the motion, or noting the appearance of the defendants. To cure this, Powers moved the county court to enter an order *nunc pro tunc* showing that notice of motion was issued and served on the defendants, Kiser and Hughes.

This the county court refused to do. Powers applied for and obtained a writ of error from the circuit court which reversed the county court and entered the order applied for. This action of the circuit court was affirmed by this court.

It will be observed that the *Powers Case, supra,* involved the correction of a record, while here the question involved is the entry of a judgment solemnly pronounced.

[4] The fact that the court erred in denying the plaintiff a trial by jury, did not affect the validity of the judgment, if acquiesced in by the plaintiff.    As to the right of a trial by jury, see *Lambert* v. *Buchanan County*, 140 Va. 62, 124 S. E. 254.

[5] From what has been said, it follows that we are of the opinion that the Circuit Court of Dickenson county should have granted the motion of the plaintiff in error to enter up a *nunc pro tunc* judgment as of the 11th day of April, 1922, without prejudice to any rights the defendant in error may have in the premises. It being the duty of the trial court to enter the judgment pronounced, this renders null and void all proceedings had upon the second trial of the case.

For the reasons stated the case will be reversed and remanded to the trial court, to be there dealt with according to law.

*Reversed.*