# Richmond.

## CHAIRMAN OF THE HIGHWAY COMMISSION OF VIRGINIA v. MRS. J. D. CARTER, RUBY T. ROBERTSON AND J. M. THRESHER.

November 17, 1927.

Absent, Burks, J.

1. APPEAL AND ERROR—*Appeal from Disallowance of Claims Against a County—Appeal by Landowner Under Acts of 1924, Page 674, Code of 1924, Section 1969j, where the Chairman of the Highway Commission Refused to Pay Full Amount Allowed by Freeholders.*—Trial by jury, of appeals in the circuit courts from disallowance of claims of whatever character by boards of supervisors, is allowable under section 11 of the Constitution of Virginia and section 6048 of the Code of 1919, and there is no reason why the rule which governs appeals from boards of supervisors should not apply to appeals from the decision of the Chairman of the Highway Commission under Acts of 1924, page 674, Code of 1924, section 1969j.

2. STATE HIGHWAY COMMISSION—*Eminent Domain—Acts of 1924, Page 674, Code of 1924, Section 1969j—Appeal by Landowner where Chairman of Highway Commission Refused to Pay Full Amount of Damages Awarded by Freeholders—Jury Trial—Case at Bar.*—In the instant case the Chairman of the Highway Commission refused to allow the full amount of damages, for dirt taken for highway construction from the owner's land, fixed by the freeholders appointed by a justice of the peace under Acts of 1924, page 674, Code of 1924, section 1969j, and the landowner took an appeal to the circuit court. The Chairman of the Highway Commission contended that the case should be tried just as any other case which is appealed to that court by the court and a jury, but the court overruled the claim of the chairman for a trial by jury.

*Held:* That this action of the court was error.

3. STATE HIGHWAY COMMISSION—*Eminent Domain—Acts of 1924, Page 674, Code of 1924, Section 1969j—Appeal by Landowner where Chairman of Highway Commission Refused to Pay Full Amount of Damages Awarded by Freeholders—Whether Case Tried Upon the Exceptions—Presumption that Report of Freeholders is Correct—Burden of Proof.*—On an

appeal by a landowner under Acts of 1924, page 674, Code of 1924, section 1969j, where the Chairman of the Highway Commission refused to pay the landowner the full amount of damages fixed by the freeholders, the circuit court erred in holding that the case should be tried upon the exceptions to the so-called report of the freeholders; that said report was presumed to be correct; that the burden of proof was upon the chairman, in the circuit court, to show that the allowance of the freeholders was improper or excessive, and that the chairman should be required to introduce his evidence first.

4. STATE HIGHWAY COMMISSION—*Eminent Domain—Report of Commissioners in Regular Condemnation Proceedings—Report of Freeholders Appointed Under Acts of 1924, Page 674, Code of 1924, Section 1969j.*— In the instant case, an appeal by a landowner to the circuit court where the Chairman of the Highway Commission refused to pay him the full amount of damages fixed by freeholders appointed in accordance with Acts of 1924, page 674, Code of 1924, section 1969j, the report of the freeholders is not entitled to the same weight as a report of commissioners appointed in a regular condemnation proceeding, and therefore is not presumed to be correct. A regular condemnation proceeding is *inter-partes*, whereas a proceeding under the Act of 1924 is *ex parte*, without notice to the other side and with no opportunity afforded the other side to be heard, or to introduce testimony.

Error to a judgment of the Circuit Court of Botetourt county, on an appeal by a landowner from a decision of the Chairman of the Highway Commission refusing to pay in full damages allowed by freeholders appointed under Acts of 1924, page 674, Code of 1924, section 1969j. Judgment for the landowners. The Chairman of the Commission assigns error.

*Reversed.*

The opinion states the case.

*Benjamin Haden* and *J. F. Hall*, for the plaintiff in error.

*Wm. R. Allen*, for the defendants in error.

WEST, J., delivered the opinion of the court.

Mrs. J. D. Carter, Ruby Robertson (*nee* Thresher) and J. M. Thresher are the owners of two parcels of land in Botetourt county, Virginia, one of four acres, located on State Highway No. 33, known as the Lee Highway, about six miles from Buchanan, and the other of sixty acres, located back from the State highway, north of and near to the four acre tract, but separated therefrom by the land of others. The owners have never resided upon either tract of land and have lived in North Carolina for the past fifteen years.

In the construction of the Lee Highway in front of the four acre tract, dirt was needed to raise the grade of the road. The Highway Commission endeavored to purchase it from the defendants in error, from the four acre tract, but being unable to agree upon terms, the Chairman of the Commission proceeded under section 10 of the act of 1924 (Acts 1924, page 675), to take from the four acre tract the dirt necessary for the construction of the road, and removed from 71/100 of an acre of the four acre tract 4,685 cubic yards of dirt. The four acre tract consists of rough, unimproved mountain land, which has not been cultivated for many years, most of which is covered with bushes.

Section 10 of the act is as follows:

"Eminent domain.—The chairman is hereby vested with the power of eminent domain insofar as may be necessary for the construction, reconstruction, alteration, maintenance and repair of the roads embraced in the State highway system, and for these purposes and all purposes incidental thereto, may condemn rights of way of such width and on such routes and grades as by said chairman may be deemed requisite and suitable; and lands, quarries, and locations with rights of ingress and egress, containing gravel, clay, sand, stone,

rock, timber, and any other road materials deemed useful or necessary in carrying out the purposes aforesaid.

"Proceedings for condemnation hereunder shall be instituted and conducted in the name of 'the Chairman of the Highway Commission of Virginia,' and the procedure shall, except insofar as altered hereby, be *mutatis mutandis* the same as is prescribed by law for railroad corporations, and the rights of all persons affected shall be subject to the general laws of this State, insofar as the same may be applicable under the general purposes of this act, and except as hereby altered or modified.

"The proceedings for condemnation shall be by petition to the circuit court of the county in which the land, property and rights or the major portion thereof sought to be acquired are located, or to the judge of such court in vacation, which petition shall set forth with reasonable particularity a description and designation of the interests, right and property intended to be taken, the name or names of the landowners whose property is to be taken or affected, and such other facts, if any, as may be deemed necessary by the chairman, to give full information to the court and all persons in interest, and shall be certified by oath of the chairman or by his duly authorized agent or attorney.

"Upon the return of the report of the commissioners, or viewers, appointed in such proceedings the sum ascertained thereby as compensation or damages to the property owners, may be paid to the person or persons entitled thereto, or for them into court or to the clerk thereof, upon which title to the property and rights condemned shall vest in the Commonwealth of Virginia in fee simple, or to such extent as may be prayed for in the petition, and the chairman shall have the right

to enter upon such construction upon or use of the property and rights condemned as may be authorized by said report, provided the right of appeal from or review of said report on exception thereto is hereby given to the property owner, or to the chairman, to the circuit court, on the question only of damages or compensation.

"The chairman, however, without the institution of condemnation proceedings, may take from the most convenient lands so much wood, stone, gravel, earth or other material as may be necessary to be used in the construction, reconstruction and maintenance of any of the roads and bridges embraced in the State highway system. If the owner or tenant of any such land shall deem himself injured thereby and the chairman or his agent can agree with such owner or tenant as to the amount of damage caused by said taking, they shall pay said damage to the owner or tenant, as the case may be, but if an agreement cannot be reached, then a justice of the peace in the county wherein the land is situated shall, upon application to him by said owner or tenant, issue a warrant to three freeholders of said county, requiring them to view the said land and ascertain and report what is a just compensation to such owner or tenant for the damage done to him by such taking. The said freeholders, after being sworn, shall ascertain such compensation and report the same to the chairman or his duly authorized agent. The chairman may thereupon allow the full amount so agreed upon or reported by said freeholders, or so much thereof as to him may seem reasonable, subject to the right of such owner or tenant to appeal to the circuit court of the county wherein the land lies, as in other cases.

"In addition to the exercise of the power of eminent

domain, as provided by the preceding part of section ten of this act, the chairman is hereby authorized to enter upon and take possession of such rights of way for the purposes set out in section ten of this act, as the chairman may deem necessary, and proceed with the construction of such highway. Within sixty days after the completion of the construction of such highway, if the chairman and the owner or owners of such lands are unable to agree as to compensation and damages, if any, caused thereby, the said chairman shall institute condemnation proceedings as provided by section ten of this act; and the amount of such compensation and damages, if any, awarded to the owner in such proceedings shall be paid out of the State highway fund, the said chairman to pay to the landowner or into court, or to the clerk thereof, for his benefit such sum as he shall estimate to be the fair value of the land taken and damage done, before entering upon such land for construction purposes, provided such payment shall in no wise limit the amount to be allowed under proper proceedings. It is the intention of this section to provide that such rights of way may, in the discretion of the chairman, be condemned after the construction of the highway, as well as prior thereto, and to direct the fund out of which the judgment of the court in condemnation proceedings shall be paid, and to provide that in all other respects the provisions of section ten of this act shall apply, whether the rights of way are condemned before or after the construction of the highway, but the authorities constructing such highway under the authority of this paragraph, shall use diligence to protect growing crops, pastures, and to prevent damage to any property not taken. So far as possible all rights of way shall be acquired or contracted for, before any route is definitely located.''

The landowners and the commission still being unable to agree as to the amount of damages done to the owners, J. T. Wickline, agent for the owners, pursuant to section 10 of the act above quoted, secured from R. M. Brugh, a justice of the peace of the county, a warrant to three freeholders of the county requiring them to view the land and ascertain and report what is a just compensation to the owners for the damage done by such taking. The viewers fixed the total damages at $550, "material $140.54 and damage to the property $409.46." The Chairman of the Commission, regarding the damages allowed as excessive, refused to pay the same in full, and from that decision of the chairman, the landowners took an appeal to the Circuit Court of Botetourt county.

The appeal was docketed in the circuit court on March 1, 1926. The statute referred to is of recent enactment and has never been construed by this court. The chairman contended that the case should be tried, just as any other case which is appealed to that court, by court and jury; that the burden is upon the landowners to prove their damages; and that they should introduce their evidence first. The landowners contended that the procedure in the circuit court should be the same as in a regular condemnation proceeding; that the chairman must file exceptions to the report of the viewers and the case must be tried on these exceptions; that the report of the viewers is presumed to be correct; and that the chairman must carry the burden of proof and must introduce his evidence first.

The court adopted the view contended for by the landowners, overruled the motion of the chairman for a trial by jury and his contention that the burden was on the appealing parties to prove their alleged damages.

and that the landowners should be required to introduce their evidence first.

The case was heard by the court alone, upon the exceptions to the report of the viewers and upon the testimony of witnesses.  The court sustained the exceptions to the report of the viewers in part, and entered judgment against the Chairman of the Commission in favor of the landowners, for $400, which judgment the court refused to set aside.  That judgment we are asked to review.

The first assignment of error is the court's refusal to grant the chairman a trial by jury.

[1, 2] The statute, section 10, Acts 1924, *supra*, provides that the chairman may allow the full amount reported by the freeholders, or so much thereof as to him may seem reasonable, "subject to the right of such owner or tenant to appeal to the circuit court of the county wherein the land lies, as in other cases."

The method of procedure in the circuit court is not set out in the statute and must be determined by the general law governing the trial of cases in the circuit court.

Section 11 of the Virginia Constitution provides: "* * and in controversies respecting property, and in suits between man and man, trial by jury is preferable and ought to be held sacred   *   *."

The Code, section 6012, referring to juries in civil cases, reads thus:  "In any case, unless one of the parties demand that the case be tried by a jury, the whole matter of law and fact may be heard and determined, and judgment given by the court."

In the case of *Lambert* v. *Board of Supervisors of Buchanan Co.*, 140 Va. 62, 124 S. E. 254, the board of supervisors refused to allow Lambert's claim against the county for work done by him under a contract with

the county, and he appealed from the action of the board in disallowing his claim to the circuit court. The circuit court refused to allow him a trial by jury. This court reversed the case and remanded it to the circuit court for a new trial. In discussing the plaintiff's right to a jury trial, this court said: "So that wherever the appeal from an order of the board of supervisors disallowing a claim involves 'an issue of fact,' the general statute aforesaid, now contained in Code 1919, section 6048, is applicable and gives the right of trial by jury where an issue of fact is joined and either party desires it."

Section 6048 reads as follows: "On a motion, when an issue of fact is joined, and either party desire it, or where in the opinion of the court it is proper, a jury shall be impaneled, unless the case be one in which the recovery is limited to an amount not greater than twenty dollars, exclusive of interest."

Sims, P., also calls attention in the opinion to the fact that it appears from the reports of this court that trial by jury of appeals in the circuit courts from disallowance of claims of whatever character by boards of supervisors has been a very general practice in this State for a long time." (Citing many cases.)

In *Dinwiddie County* v. *Stuart*, 28 Gratt. (69 Va.) 526, the court said: "The parties waived their right to have a jury for the trial of the case."

In *Dickenson County* v. *West Dante Supply Co.*, 145 Va. 513, 134 S. E. 552, the West Dante Supply Company presented to the board of supervisors of the county a claim against the county in the sum of $5,000, for damages to its property resulting from the relocation and negligent construction of a county road. The board allowed the claimant only $250, and an appeal was taken by the supply company from the action of

the board to the circuit court, where the court allowed $1,000. Upon a writ of error, this court held that the circuit court erred in denying the plaintiff a trial by jury.

We perceive no reason why the rule which governs appeals from boards of supervisors should not apply to appeals from the Chairman of the Highway Commission.

The right of the landowners to appeal from the decision of the chairman to the circuit court is conceded. The one important question upon which the parties were at issue was the amount of the damage the landowners had sustained, and this was peculiarly a question for the jury. For the reasons already indicated, the court erred in denying the chairman a trial by a jury.

[3] The second assignment of error is that the circuit court "erred in deciding that upon the appeal to the circuit court by the landowners in this case, the same should be tried upon the exceptions to the so-called report of the freeholders; that said report was presumed to be correct, and that the burden of proof was upon the chairman, in the circuit court, to show that the same was improper or excessive, and that the chairman should be required to introduce his evidence first."

[4] The circuit court took the view that the report of the freeholders appointed by a justice of the peace, under the act of 1924, was entitled to the same weight as a report of commissioners appointed in a regular condemnation proceeding conducted under the general condemnation statute.

A comparison of the two statutes will demonstrate the error in this position. Under the general eminent domain statute, the commissioners are appointed after notice, with a right to the parties to be heard on the question of the qualifications and selection of the com-

missioners, with notice of the date the commissioners will meet, and the right to produce before them evidence of the amount of the damages sustained by the landowners. In short the proceeding is *inter-partes* from the first to the last step taken, and the findings of the commissioners are presumed to be correct, and this court has so held.

Under the statute of 1924, *supra*, the freeholders are appointed without notice, meet to fix the damages, without notice of the time and place of meeting, hear testimony on one side, and ascertain and fix the damages, without giving the other side an opportunity to be heard, or to introduce testimony in its behalf.

It appears, without contradiction, in the instant case, that J. T. Wickline, agent and friend of the landowners, went to his friend, R. M. Brugh, a justice of the peace of the county, and secured a warrant directing three freeholders, all three of whom were friends of Wickline, to view the property and ascertain and report what would be a just compensation to the owners for the damage done by the taking of the dirt from their land. Wickline took one or more of the viewers to the premises in his own conveyance, where his views were adopted by them and the damages placed at $550. These proceedings were had without notice to or the knowledge of the chairman or his agent. The first information received by the chairman was a copy of the report showing the findings of the viewers.

The statute does not require that either party file exceptions to the report of the viewers, or to the action of the chairman, but gives the landowners the right to appeal to the circuit court from the action of the chairman where he refuses to pay the full amount allowed by the viewers.

The proceeding, up to the time the report reached

the chairman, being entirely *ex parte*, there is no presumption that it is correct, and the statute being silent as to the procedure, the case must be heard in the circuit court just as other cases, in which the statute fails to prescribe the procedure, are heard.

The landowners, appellants in the circuit court, should have been required to introduce their evidence first, and the burden of proof was upon them to prove they were entitled to recover the amount of the damages allowed them by the viewers.

The third assignment of error is that the judgment for $400 in favor of the landowners is not supported by the evidence.

Inasmuch as the case must be reversed and remanded to the circuit court with instructions to have a jury ascertain what is a just compensation to the owners for the damage done to them by such taking of dirt from the four acre tract, we deem it improper for us to express any opinion as to the weight or sufficiency of the evidence on that question. We shall, therefore, not discuss this assignment further than to say that the court erred in refusing to allow the chairman of the commission to prove, by witness Frank Marshall, that Mrs. J. D. Carter had recently offered to sell the whole of the sixty acre and four acre tracts.

*Reversed.*