COURT OF APPEALS OF VIRGINIA


Present:    Judges Annunziata, Humphreys and McClanahan
Argued at Richmond, Virginia


CHARLES A. COE

                                                MEMORANDUM OPINION* BY
v.        Record No. 3293-02-2                  JUDGE ROBERT J. HUMPHREYS
                                                        MARCH 2, 2004
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Michael C. Allen, Judge

            Aubrey R. Bowles, IV (Bowles and Bowles, on brief),
            for appellant.

            Michael T. Judge, Assistant Attorney General (Jerry W.
            Kilgore, Attorney General, on brief), for appellee.


        Charles A. Coe appeals from a decision of the circuit court, dismissing his motion to

modify his previously imposed sentence.  Coe contends on appeal that the court erred by

determining that it lacked jurisdiction to modify his sentence.  For the reasons that follow, we

agree that the circuit court lacked the requisite jurisdiction to modify Coe's sentence and we

affirm its order dismissing Coe's motion.

        "On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting it all reasonable inferences deducible from that evidence."  Ziats v. Commonwealth, 42

Va. App. 133, 136, 590 S.E.2d 117, 118 (2003).  So viewed, the evidence here establishes that on

June 5, 2001, Coe pled guilty to two counts of grand larceny, one count of statutory burglary,

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

and one count of possession of heroin.[1]  After a hearing held on October 3, 2001, and by order dated November 12, 2001, Judge Michael C. Allen sentenced Coe to serve ten years with the Virginia Department of Corrections on each grand larceny conviction, twenty years for the statutory burglary conviction, and five years for the possession of heroin conviction.  Judge Allen, however, suspended 38 years of the consecutive sentences, leaving Coe to serve an active sentence of seven years with the Department of Corrections.[2]

Subsequent to the sentencing hearing, but prior to the court's issuance of the final sentencing order, Coe filed, *pro se*, a Motion to Reduce or Suspend Sentence, requesting that the court "reduce/suspend" his sentence to "time already served" and "probation."  The certificate of service on the form motion did not reflect that Coe served his counsel with the motion, nor did it reflect that Coe served the motion on the Commonwealth.[3]  On November 20, 2001, Judge William R. Shelton entered orders directing that Coe's sentence be suspended, that his bond be revoked, and that he be held in the custody of the Riverside Regional Jail and "not transferred to the custody of the Department of Corrections," "pending a hearing [o]n [Coe's] motion to modify his sentence."  The orders explicitly stated that they were entered because Coe had

---

[1] We note from the record that Coe was also charged with one count of possession of a firearm by a convicted felon and one count of possession of a firearm while in possession of heroin.  Although the record reflects that Coe was neither arraigned, nor pled guilty to these charges, the trial order states that he pled guilty to the charges, and was convicted of them.  Nevertheless, the subsequent sentencing order reflects that Coe was not sentenced for the charges.

[2] The record reflects that during these proceedings, and thereafter, Coe was represented by attorney Aubrey R. Bowles, IV.

[3] The record demonstrates that Coe filed a virtually identical motion on December 17, 2001.  Once again, Coe filed the motion *pro se*, and neither Coe's counsel, nor the Commonwealth, appears in the certificate of service appended to the motion.

"moved the Court to modify his sentence." Coe's counsel of record signed the respective orders under the designation, "I ask for this."

On January 24, 2002, Judge Allen entered an order denying Coe's motion. The order reflected that the "Hearing Date" for the motion was January 17, 2002.

On May 13, 2002, Coe filed an additional Motion to Reduce or Suspend with the circuit court. Once again, Coe filed the motion *pro se* and failed to serve the motion on his counsel of record, as well as the Commonwealth. On July 3, 2002, Judge Allen again entered an order denying Coe's motion. The order reflected that the "Hearing Date" for the motion was June 26, 2002.

On September 16, 2002, Coe filed yet another motion seeking to modify his sentence. This time, Coe filed the motion by counsel and properly served the motion on the Commonwealth. The hearing on the motion was scheduled for September 25, 2002. On that day, Coe's counsel appeared and informed Judge Allen that Coe had been transferred into the custody of the Department of Corrections on September 24, 2002. Noting that he was not aware of the orders entered by Judge Shelton in November of 2001, Judge Allen subsequently ruled as follows, in relevant part:

> 3. On July 3, 2002, an order embodying the Court's denial of the defendant's *pro se* motion was entered. This order recited that the defendant's *pro se* motion had been received by the Court and was denied.
>
> 4. The Court finds that in its July 3, 2002 order, the Court inadvertently failed to recite its intention at the time, which was to re-impose the original sentence in the case, the defendant's motion to reconsider that sentence having been denied.
>
> 5. The defendant's *pro se* motion having been denied and the Court's intention being to impose the previously suspended sentence, the defendant was delivered into the custody of the Department of Corrections. No orders having been entered which would operate to stay the defendant's transferal to the Department

of Corrections, more than 21 days having passed since entry of the final order, and the defendant having been received [sic] DOC custody, this Court no longer possesses jurisdiction to entertain the instant motion.

6. Accordingly, the Court hereby ORDERS that the pending motion is dismissed and pursuant to Va. Code § 8.01-428, the order entered herein on July 3, 2002 is amended to correct an inadvertent omission and to recite that the defendant's original sentence was reaffirmed and reimposed.

It is from this order that Coe now appeals. Specifically, Coe contends that the circuit court erred in 1) considering his *pro se* motion, "in violation of Rule 1:5," because the record reflected that he was represented by counsel; 2) considering his *pro se* motion, "in violation of Rule 1:12," because the motion amounted to an *ex parte* communication to the court; and, 3) determining that it lacked jurisdiction to consider Coe's motion to modify because the "[c]ourt never reimposed the original sentence." We disagree.

We first note that Coe's counsel clearly argued below that the initial motions to suspend or modify his sentence were filed *pro se* and against the advice of counsel. Coe's counsel also argued that Coe had no "legal authority" to represent himself while he had counsel of record. However, Coe's counsel did not argue that the court lacked the authority to consider his motions because they were filed in violation of Rules 1:5 and 1:12.[4]

For purposes of Rule 5A:18, counsel may not rely upon grounds for an objection on appeal that counsel failed to assert before the trial court. Swann v. Commonwealth, 247 Va. 222,

---

[4] Rule 1:5 provides, in relevant part, that "'Counsel of record' includes a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case. Counsel of record shall not withdraw from a case except by leave of court after notice to the client of the time and place of a motion for leave to withdraw." Rule 1:12 requires, among other things, that "[a]ll pleadings, motions and other papers not required to be served otherwise and requests for subpoenas *duces tecum* shall be served by delivering, dispatching by commercial delivery service, transmitting by facsimile, delivering by electronic mail when consented in writing signed by the person to be served, or mailing, a copy to each counsel of record on or before the day of filing."

229, 441 S.E.2d 195, 201 (1994). Nevertheless, Rule 5A:18 "does not prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial." Lash v. County of Henrico, 14 Va. App. 926, 929, 421 S.E.2d 851, 853 (1992). We assume, without here deciding, that because Coe's counsel raised the issue concerning Coe's *pro se* filings before the circuit court, he adequately presented these issues to the circuit court for purposes of appeal. Even so, we do not address the merits of Coe's claims in this regard, or the application of the newly espoused Rules in support of his claims.

The courts of this Commonwealth have long held that "[n]o litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate — to invite error, as the defense admittedly did here, and then to take advantage of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988); see also Sullivan v. Commonwealth, 157 Va. 867, 878, 161 S.E. 297, 300 (1931); Montague v. Commonwealth, 40 Va. App. 430, 439, 579 S.E.2d 667, 671 (2003); Brown v. Commonwealth, 37 Va. App. 507, 519, 559 S.E.2d 415, 421 (2002). "The defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position." Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979) (citing Commonwealth v. Beavers, 150 Va. 33, 142 S.E. 402 (1928)).

The record here reflects that this is exactly what Coe attempts to do – to take advantage of his "own wrong." Sullivan, 157 Va. at 878, 161 S.E. at 300. Indeed, it was clearly Coe that filed the motions without advice of counsel, and Coe who filed the motions *ex parte*. Furthermore, the court's subsequent orders, directing that Coe's sentence be suspended and that he be held in the custody of the Riverside Regional Jail (entered after Coe filed his first two motions to modify and before the circuit court's first order denying Coe's motions), explicitly stated that the orders were entered upon Coe's motion to "modify his sentence" and "pending a

hearing *[o]n his motion to modify his sentence*." (Emphasis added). Coe's counsel of record signed the respective orders under the designation, "I ask for this."

Thus, the record demonstrates that, although Coe filed his initial two motions to modify, *pro se* and without service to the appropriate parties, Coe's counsel was aware of the fact that the motions had been filed and that a hearing on the motions was pending. Yet, neither Coe, nor his counsel, acted to correct the deficiencies of which Coe now complains. Thus, we hold that Coe is barred from now invoking these claims on appeal. See Asgari v. Asgari, 33 Va. App. 393, 403, 533 S.E.2d 643, 648 (2000) (a party may not approbate and reprobate, by "ascribing error to an act by the trial court that comported with his representations").

As to Coe's final contention, we first recognize that:

> Rule 1:1 of the Rules of the Supreme Court of Virginia provides that a trial court may modify, vacate, or suspend all judgments, orders, and decrees within twenty-one days of the date of entry, but no longer. Expiration of the twenty-one day time limitation divests the trial court of jurisdiction. See Virginia Dept. of Corr. v. Crowley, 227 Va. 254, 260, 264, 316 S.E.2d 439, 442, 444 (1984). Orders entered in violation of Rule 1:1 are void. Smith v. Commonwealth, 32 Va. App. 766, 775, 531 S.E.2d 11, 16 (2000).
>
> Rule 1:1 is subject to certain limited exceptions, however. Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996); Decker v. Decker, 22 Va. App. 486, 494, 471 S.E.2d 775, 779 (1996). Code § 19.2-303 is one of those exceptions. It provides that
>
> ["][i]f a person has been sentenced for a felony . . . the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department [of Corrections], suspend or otherwise modify the unserved portion of such a sentence.["]
>
> Code § 19.2-303. Once the defendant has been transferred to the DOC and twenty-one days have passed since the court's last order, the court can no longer modify a sentence. Rule 1:1; D'Alessandro v. Commonwealth, 15 Va. App. 163, 168, 423 S.E.2d 199, 202

(1992); see also In re Commonwealth, Dep't of Corr., 222 Va. 454, 463, 281 S.E.2d 857, 862 (1981).

Ziats, 42 Va. App. at 138-39, 590 S.E.2d at 120.

The parties do not dispute the fact that well over 21 days had passed since the entry of the final sentencing order in this matter. Further, the parties do not dispute the fact that, prior to the September 25, 2002 hearing on Coe's final motion to modify, Coe had been transferred into the custody of the DOC. Coe argues instead that because the court failed to reimpose Coe's "original sentence," by its order of July 3, 2002, the circuit court maintained jurisdiction over the matter, pursuant to Code § 19.2-303. Coe further argues that the circuit court improperly reimposed the sentence by entering the *nunc pro tunc* order. We disagree with each of Coe's contentions.

First, as stated above, neither party disputes the fact that Coe had been transferred into the custody of the DOC prior to the September 25, 2002 hearing. "By its express terms, Code § 19.2-303 permits the trial court . . . to retain jurisdiction beyond the twenty-one-day limit of Rule 1:1 to 'suspend or otherwise modify the unserved portion of such a sentence'" only if the defendant "'has not actually been transferred'" to the DOC. Patterson v. Commonwealth, 39 Va. App. 610, 617, 575 S.E.2d 583, 586 (2003) (quoting Code § 19.2-303). There are no exceptions or qualifications to the application of that rule. See id.; see also Wright v. Commonwealth, 32 Va. App. 148, 151, 526 S.E.2d 784, 786 (2000) (recognizing that rehabilitative statutes should be liberally construed in keeping with their rehabilitative purpose); but see Cartwright v. Commonwealth, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982) (noting that a statute may be interpreted in accord with its purpose only to the extent that such purpose "'may be accomplished without doing harm to [the statute's] language'" (quoting Gough v. Shaner, Adm'r, 197 Va. 572, 575, 90 S.E.2d 171, 174 (1955))). Most significantly, there is no exception

or qualification to the rule that would allow the circuit court to retain jurisdiction under the circumstances implicitly alleged by Coe – that the transfer occurred in violation of a court order retaining custody of a defendant in the local jail for some indefinite period of time. Thus, we find that the circuit court properly found that it lacked jurisdiction to consider Coe's motion to modify after his transfer to the DOC.

Nevertheless, we need not rest our decision on those grounds alone. Indeed, we further find that the circuit court did not err in entering the *nunc pro tunc* order, correcting the July 3, 2002 order.

> We apply an abuse of discretion standard to evaluate whether the trial court entered a valid *nunc pro tunc* order. See Harris v. Commonwealth, 222 Va. 205, 209, 279 S.E.2d 395, 398 (1981); Dickenson County v. West Dante Supply Co., 145 Va. 513, 518, 134 S.E. 552, 553 (1926). A trial court may exercise its *nunc pro tunc* power only to "correct errors in the record so as to cause its acts and proceedings to be set forth correctly." Davis, 251 Va. at 149, 466 S.E.2d at 94; see also Code § 8.01-428(B). "When acting *nunc pro tunc*, the court does not reacquire jurisdiction over the case." Davis, 251 Va. at 149, 466 S.E.2d at 94. Thus, the "power to amend . . . must not be confounded with the power to create." Gagnon v. United States, [193 U.S. 451, 457 (1904)]; Council v. Commonwealth, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956). "Under the rule the . . . *nunc pro tunc* entry should not be made . . . to show what the court should have done as distinguished from what actually occurred. The court's authority . . . extends no further than the power to make the record entry speak the truth." Id. It is clear, therefore, that the *nunc pro tunc* power is reserved for the correction of clerical error only. Id. Any other rule "would render meaningless the mandate of Rule 1:1 and would do great harm to the certainty and stability that the finality of judgments brings." Davis, 251 Va. at 150, 466 S.E.2d at 94.

Ziats, 42 Va. App. at 140, 590 S.E.2d at 120-21.

In the case at bar, the record reflects that the November 20, 2001 orders, suspending Coe's sentence, operated only to suspend his sentence "pending a hearing [o]n his motion to modify his sentence." In its orders denying Coe's motions, the court listed "hearing dates" for

each of the motions.[5]  Thus, it is clear that once those "hearings" were completed and Coe's motions disposed of, the court intended for Coe's sentence to be reimposed.  Indeed, once the court "heard" and disposed of Coe's motions, the suspension of his sentence was clearly lifted by the operation of the plain language set forth in the court's November 20, 2001 orders suspending his sentence "pending those hearings."  Accordingly, we find no error in the circuit court's entry of the *nunc pro tunc* order, because the circuit court did nothing more than correct an inadvertent omission, permitting the "record entry [to] speak the truth."  Council, 198 Va. at 292, 94 S.E.2d at 248; see also Carter v. Commonwealth, 199 Va. 466, 469, 100 S.E.2d 681, 683 (1957) (noting that even the "omission of the sentence on the verdict" may be supplied by an order entered *nunc pro tunc*).

Because we dispose of Coe's appeal on these grounds, we need not address the Commonwealth's contention that the circuit court lacked the "authority to order a prisoner held in a local jail if he has been sentenced to the DOC."  We thus affirm the judgment of the circuit court.

Affirmed.

---

[5] Coe did not argue below, and does not argue on appeal, that the "hearing[s]" did not occur.  Moreover, with the exception of his defaulted arguments concerning Rules 1:5 and 1:12, Coe has not argued that the proceedings underlying the circuit court's denials of his first three motions to modify were otherwise inadequate.  Thus, we do not address this issue further.  See Rule 5A:18.